UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTA BOCK,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; CLEAR RECON CORP.; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.: 19-cv-2241-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the Motion to Dismiss Plaintiff's Complaint filed by Defendant Wells Fargo Bank, N.A. (ECF No. 3).

**I. BACKGROUND**

  On October 23, 2019, Plaintiff Berta Bock filed a Complaint in the Superior Court for the State of California, County of San Diego, against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Clear Recon Corp. ("Clear Recon"), and Does 1 through 50, inclusive. (Ex. A, ECF No. 1-2). In the Complaint, Bock alleges that she obtained a loan from Wells Fargo to purchase property located at 659 Crescent Drive, Chula Vista, California 91911 (the "Property"), "by virtue of a Trust Deed and Notes securing the loan." (*Id.* ¶ 6). Bock alleges that Wells Fargo failed to disclose certain charges during the loan

1

transaction and "calculate[ed] the annual percentage rate ('APR') based upon improperly calculated and disclosed amounts . . . ." (*Id.* ¶ 69). Bock alleges that Defendants determined that Bock defaulted on the loan, and Defendant Clear Recon executed a Notice of Default. Bock alleges that the Notice of Default is invalid and that Defendants made false representations as to the validity of the Notice of Default. Bock alleges that Defendants have commenced a "non-judicial foreclosure" on the Property. (*Id.* ¶ 12). Bock alleges that Defendants "have threatened to commence an invalid foreclosure sale" of the Property. (*Id.* ¶ 22).

Bock brings a claim against Defendant Wells Fargo for violation of the federal Truth in Lending Act ("TILA"). Bock brings claims against all Defendants for violations of sections 1572, 2923.5, and 2923.6 of the California Civil Code; violations of section 17200 of the California Business and Professions Code; fraud; and intentional misrepresentation. Bock seeks damages, including punitive damages; rescission of "the transaction;" "a declaration of the rights and duties of the parties relative to Plaintiff's [h]ome to determine the actual status and validity of the loan, Deed of Trust, and Notice of Default;" "a preliminary injunction and permanent injunction enjoining all Defendants, their agents, assigns, and all person[s] acting under, for, or in concert with them, from foreclosing on Plaintiff's [h]ome or from conducting a trustee's sale or causing a trustee's sale to be conducted relative to Plaintiff's [h]ome;" "[c]ancellation of any future sale and restitution of the home to [ ] Plaintiff[ ];" "an [o]rder enjoining Defendants from continuing to violate the statutes alleged . . .;" "a restraining order preventing Defendant and his, hers, or its agents, employees, officers, attorneys, and representatives from engaging in or performing any of the following acts: (i) offering, or advertising [the] [P]roperty for sale and (ii) attempting to transfer title to this property and or (iii) holding any auction therefore;" and attorneys' fees and costs. (*Id.* at 21-22).

On November 25, 2019, Defendant Wells Fargo removed this case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds that this Court has original jurisdiction over Bock's TILA claim and supplemental jurisdiction over Bock's state law

claims.[1] On December 2, 2019, Wells Fargo filed a Motion to Dismiss Complaint for failure to state a claim on which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 3). On December 17, 2019, Bock filed an Opposition to Wells Fargo's Motion to Dismiss. (ECF No. 4). On December 23, 2019, Wells Fargo filed a Reply. (ECF No. 5).

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quotation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

---

[1] All defendants who have been properly joined and served must join the removal petition or file written consent to removal. *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) (citations omitted); *see Cmty. Bldg. Co. v. Md. Cas. Co.*, 8 F.2d 678, 679 (9th Cir. 1925) ("[D]efendants over whom the court has not acquired jurisdiction may be disregarded in removal proceedings, and [ ] the defendants who have been summoned must of necessity be allowed to exercise their right of removal." (citations omitted)). The Docket does not reflect that Clear Recon has been served.

unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation omitted).

## III. JUDICIAL NOTICE

Wells Fargo requests that the Court take judicial notice of 1) the December 10, 2002, Deed of Trust reflecting Bock and her spouse as the "Borrower" and World Savings Bank, FSB ("World Savings Bank"), as the "Lender;" 2) the April 30, 2019, Notice of Default; 3) the January 7, 2013, Certification of a Federal Savings Association Title Change showing that on December 31, 2007, World Savings Bank changed to Wachovia Mortgage, FSB ("Wachovia"); and 4) the January 7, 2013, Certificate of Authenticity acknowledging the November 1, 2009, merger of Wachovia with and into Wells Fargo. Bock does not object to the Court taking judicial notice of these documents.

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)). "There are, however, two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion." *Id.*

First, Rule 201 of the Federal Rules of Evidence provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'" *Lee*, 250 F.3d at 689 (quoting *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

Second, "the incorporation by reference doctrine . . . permits a court to consider a document 'if the plaintiff refers extensively to the document or the document forms the

basis of the plaintiff's claim.'" *Steinle v. City & Cty. of San Francisco*, 919 F.3d 1154, 1162-63 (9th Cir. 2019) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Under the doctrine of incorporation by reference, "[a] district court ruling on a motion to dismiss may consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleadings.'" *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (second alteration in original) (quoting *Branch*, 14 F.3d at 454), *amended by* 1998 U.S. LEXIS 7284 (9th Cir. July 28, 1998), *superseded by* 28 U.S.C. § 1453 *on other grounds as stated in Abrego v. Dow Chem Co.*, 443 F.3d 676, 681 (9th Cir. 2006). The "incorporation by reference" doctrine has been extended "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

The January 7, 2013, Certification of a Federal Savings Association Title Change and the Certificate of Authenticity are "matters of public record." *Lee*, 250 F.3d at 689 (quotation omitted). Bock alleges the contents of the Notice of Default and the Deed of Trust[2] in the Complaint but does not attach either as an exhibit. Bock's claims depend on the contents of these documents. No party has questioned the authenticity of the Notice of Default or the Deed of Trust. The Court takes judicial notice of the requested documents.

## IV. TRUTH IN LENDING ACT CLAIM

Wells Fargo contends that Bock's TILA claim is barred by the statute of limitations. Wells Fargo contends that the limitations period expired in 2003, one year after the loan transaction was consummated. Wells Fargo contends that any right to rescission of the loan

---

[2] The Deed of Trust submitted by Wells Fargo is dated December 10, 2002. The Notice of Default is dated April 30, 2019. In the Complaint, Bock alleges that the Deed of Trust is dated April 30, 2019, and the Notice of Default is dated December 10, 2002. In Bock's Opposition, she clarifies that she executed the Deed of Trust on December 10, 2002.

5

expired in 2005, three years after the loan transaction was consummated. Wells Fargo further contends that Bock fails to state a TILA claim because she does not allege that she is willing and able to tender the balance owed.

Bock contends that the Complaint sufficiently states a claim for relief. Bock contends that she has standing to bring a claim. Bock requests that the Court remand this action to California state court.

TILA, 15 U.S.C. §§ 1601 *et seq.*, and its implementing regulations, 12 C.F.R. §§ 226 *et seq.* ("Regulation Z"), require lenders to disclose certain information to borrowers as part of a loan transaction, including a "separate written itemization of the amount financed," the "finance charge," and the APR. *See* 12 C.F.R. §§ 226.18(c)-(d), 226.22. "Congress enacted TILA 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.'" *Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1118 (9th Cir. 2009) (quoting 15 U.S.C. § 1601). "To effectuate TILA's purpose, a court must construe 'the Act's provisions liberally in favor of the consumer' and require absolute compliance by creditors." *Id.* (quoting *In re Ferrell*, 539 F.3d 1186, 1189 (9th Cir. 2008)). If a lender fails to make the required disclosures, a borrower may bring a claim for damages or may "rescind any credit transaction in which a security interest is created in the obliger's home." *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986) (citing 15 U.S.C. § 1635).

15 U.S.C. § 1640(e) provides that any action for damages under TILA "may be brought . . . within one year from the date of the occurrence of the violation . . . ." This limitations period "runs from the date of consummation of the transaction[,] but [ ] the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 915; *see Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (explaining that "[t]here is

some debate on whether the period of limitations commences on the date the credit contract is executed, or at the time the plaintiff discovered, or should have discovered, the acts constituting the violation." However, where the borrower "produce[s] no evidence of undisclosed credit terms, or of fraudulent concealment or other action on the part of [the lender] that prevented the [borrower] from discovering their claim," the limitations period begins to run "at the time the loan documents were signed" (internal citations omitted)), *as amended.*

15 U.S.C. § 1635(f) provides that any "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." 15 U.S.C. § 1635(f). "[R]escission is effected when the borrower notifies the creditor of his intention to rescind." *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259, 262 (2015). "[S]o long as the borrower notifies within three years after the transaction is consummated, his rescission is timely." *Id.*; *see Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1101 (9th Cir. 2018) (applying state catch-all statute of limitations to a rescission enforcement claim where the plaintiffs timely notified the creditor in writing of their intention to rescind within the three-year TILA limitations period).

In this case, Bock alleges that Wells Fargo "failed to include and disclose certain charges in the finance charge shown on the TIL statement, which charges were imposed on Plaintiff[ ] incident to the extension of credit and were required to be disclosed . . . ." (Ex. A, ECF No. 1-2 ¶ 69). Bock alleges that Wells Fargo improperly "calculated the annual percentage rate ('APR') based upon improperly calculated and disclosed amounts . . . ." (*Id.* ¶ 70). Bock alleges that Wells Fargo's "failure to provide the required disclosures provides Plaintiff[ ] with the right to rescind the transaction, and Plaintiff[ ], through this public Complaint which is intended to be construed, for purposes of this claim, as a form Notice of Rescission, hereby elect[s] to rescind the transaction." (*Id.* ¶ 71).

The Deed of Trust shows that borrowers "Jeffrey M Bock and Berta Bock, husband and wife," obtained a loan from lender World Savings Bank in the amount of $235,000.00,

secured by the Property. World Savings Bank is Wells Fargo's predecessor in interest on the loan. Jeffrey and Berta Bock signed the Deed of Trust on December 4, 2002, and it was recorded on December 10, 2002. The transaction was consummated on December 10, 2002, at the latest. Wells Fargo's alleged failure to make the required disclosures occurred, if at all, at the time the loan documents were finalized. There are no facts alleged or evidence presented from which the Court can infer Bock did not possess "all information relevant to the discovery of a TILA violation . . . on the day the loan papers were signed." *Meyer*, 342 F.3d 899; *see Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."). Taking Bock's allegations as true, and upon consideration of the judicially-noticed documents, the Court concludes that the statute of limitations began to run on December 10, 2002, at the latest. The statute of limitations on Bock's claim for damages under TILA expired by December 10, 2003. The time for Bock to notify the lender of her intention to rescind expired by December 10, 2005. Bock filed the Complaint and notified Wells Fargo of her intention to rescind on October 23, 2019. The Court concludes that Bock's cause of action under TILA is barred by the statute of limitations.

Wells Fargo's Motion to Dismiss Bock's seventh cause of action is granted.

## V. STATE LAW CLAIMS

Bock's remaining claims arise under California state law and include causes of action for violations of sections 1572, 2923.5 and 2923.6 of the California Civil Code; violations of section 17200 of the California Business and Professions Code; fraud; and intentional misrepresentation.

The federal supplemental jurisdiction statute provides, "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "The district courts may

8

19-cv-2241-WQH-AHG

secured by the Property. World Savings Bank is Wells Fargo's predecessor in interest on the loan. Jeffrey and Berta Bock signed the Deed of Trust on December 4, 2002, and it was recorded on December 10, 2002. The transaction was consummated on December 10, 2002, at the latest. Wells Fargo's alleged failure to make the required disclosures occurred, if at all, at the time the loan documents were finalized. There are no facts alleged or evidence presented from which the Court can infer Bock did not possess "all information relevant to the discovery of a TILA violation . . . on the day the loan papers were signed." *Meyer*, 342 F.3d 899; *see Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."). Taking Bock's allegations as true, and upon consideration of the judicially-noticed documents, the Court concludes that the statute of limitations began to run on December 10, 2002, at the latest. The statute of limitations on Bock's claim for damages under TILA expired by December 10, 2003. The time for Bock to notify the lender of her intention to rescind expired by December 10, 2005. Bock filed the Complaint and notified Wells Fargo of her intention to rescind on October 23, 2019. The Court concludes that Bock's cause of action under TILA is barred by the statute of limitations.

Wells Fargo's Motion to Dismiss Bock's seventh cause of action is granted.

## V. STATE LAW CLAIMS

Bock's remaining claims arise under California state law and include causes of action for violations of sections 1572, 2923.5 and 2923.6 of the California Civil Code; violations of section 17200 of the California Business and Professions Code; fraud; and intentional misrepresentation.

The federal supplemental jurisdiction statute provides, "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "The district courts may

decline to exercise supplemental jurisdiction" for a number of reasons, including if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3).

"Depending on a host of factors, then—including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims." *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the [*United Mine Workers of America v.*] *Gibbs*[,] [383 U.S. 715 (1966),] values of economy, convenience, fairness, and comity." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (quotation omitted). "'[I]n the *usual* case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.'" *Schneider v. TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1991) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1970)).

In this case, Bock fails to state a claim against Defendant Wells Fargo over which this Court has original jurisdiction. Bock does not bring any claim against Defendant Clear Recon over which this Court has original jurisdiction. The Court cannot conclude that it has diversity jurisdiction over this action. The Court declines to exercise supplemental jurisdiction over Bock's state law claims and remands this action to the Superior Court for the State of California, County of San Diego, where it was originally pending as Case No. 37-2019-00056225-CU-OR-CTL. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 637 (2009) (recognizing district court's authority to remand case to state court after declining to exercise supplemental jurisdiction).

Wells Fargo's Motion to Dismiss Bock's remaining state law claims is denied as moot.

///

## VI. CONCLUSION

IT IS HEREBY ORDERED that Wells Fargo's Motion to Dismiss Plaintiff's Complaint (ECF No. 3) is granted in part and denied as moot in part. It is further ordered that this action is remanded to the Superior Court of California for the County of San Diego, where it was originally filed as Case No. 37-2019-00056225-CU-OR-CTL.

DATED: 3/17/20

**WILLIAM Q. HAYES**
United States District Judge